**L⁻ LOCKS** LAW FIRM
PLLC

110 East 55th Street
New York, New York 10022
T 212.838.3333
T 866.LOCKSLAW
F 212.838.3735
lockslawny.com

March 14, 2006

**VIA ECF**

Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

                Re:    *Hatcher v. Concerned Home Managers for the Elderly, Inc.*
                       *Case No.: 06 civ 705 (LAK)*

Dear Judge Kaplan:

      As counsel for Plaintiff, Christine Hatcher, individually and on behalf of all other persons similarly situated, we are submitting the parties' joint request that the Court stay this action pending a decision from the Court of Appeals for the Second Circuit in *Coke v. Long Island Care at Home*, Docket No. 03-7666. This joint request is made because the existence of an overtime pay claim for persons employed by a home care agency as companions will be determined by the Second Circuit in *Coke*. Since the *Coke* ruling will affect this case, the parties ask that no action be taken by the Court until the Second Circuit rules. A Stipulation and Order is enclosed for your review.

      Plaintiff commenced this action by filing a Complaint on or about January 31, 2006. In the Complaint, Plaintiff alleged that she was a home health aide employed by Defendant to provide home care to the infirm in their homes.. Plaintiff believes she is owed wages for overtime under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* ("FLSA") and New York Labor Law, and seeks to represent a class of similarly situated employees.

PHILADELPHIA, PA    CHERRY HILL, NJ    MEDIA, PA

For background, in 1974, the United States Department of Labor issued regulations implementing an exemption to the overtime provisions of the FLSA for home health care aides. These regulations applied to individuals like Plaintiff, who were employed as home healthcare aides within private homes. *See* 29 C.F.R. § 552 109 (a). However, in 2004, the Second Circuit held these regulations unenforceable. *See Coke v. Long Island Care at Home*, 376 F 3d 118 (2d Cir. 2004). This decision was appealed to the United States Supreme Court and on January 23, 2006, the Supreme Court vacated and remanded this decision for further consideration in light of a United States Department of Labor Wage and Hour Advisor Memorandum issued after the Second Circuit's decision. *Long Island Care at Home v. Coke*, 2006 U.S. Lexis 918 (January 23, 2006). The Second Circuit has not yet issued a decision following the remand.

Thus, based on the foregoing, the *Coke* decision is likely to control the outcome of this case. Accordingly, the parties request that the Court stay this action pending the Second Circuit's decision in *Coke*, and submit the enclosed Stipulation for your consideration

Thank you for your attention to this matter.

Respectfully submitted,

Fran L. Rudich

FLR/am
Enclosure

Cc:  Larry Bliss, Esq.
     (Via ECF and Facsimile)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CHRISTINE HATCHER, Individually and
on Behalf of All other persons similarly situated,

                Plaintiffs,

                      06 CIV. 705 (LAK)

          -against-

CONCERNED HOME MANAGERS FOR THE
ELDERLY, INC.

                Defendants.
-----------------------------------------------------------------x

### STIPULATION AND ORDER STAYING ACTION

    Plaintiff, who has filed suit herein as "CHRISTINE HATCHER, Individually and on Behalf of All other persons similarly situated," and Defendant, "CONCERNED HOME MANAGERS FOR THE ELDERLY, INC." by and through their undersigned counsel, who are duly authorized, hereby enter into this STIPULATION, and agree as follows:

    WHEREAS Plaintiff filed a Complaint on or about January 31, 2006, alleging she and similarly situated employees are owed overtime wages under the Fair Labor Standards Act, 28 U.S.C. § 201 *et seq.* ("FLSA") and New York Labor Law;

    WHEREAS the United States Supreme Court vacated and remanded the decision of the United States Court of Appeals for the Second Circuit in *Coke v. Long Island Care at Home*, 376 F 3d 118 (2d Cir. 2004) on January 23, 2006; and

    WHEREAS the decision of the Court of Appeals for the Second Circuit on remand may require dismissal of the claims presented herein by Plaintiff;

    IT IS HEREBY STIPULATED AND AGREED THAT:

    1.    This action is stayed pending the decision of the United States Court of Appeals for the Second Circuit in the case entitled *Coke v. Long Island Care at Home*, Docket No. 03-7666.

    2.    Within thirty days from the decision of the United States Court of Appeals for the Second Circuit in the case entitled *Coke v. Long Island Care at Home*, Docket No. 03-7666,

        i.    Plaintiff will dismiss the action, per Rule 41 of the Federal Rules of Civil Procedure, if the Court rules in favor of Long Island Care at Home; or

        ii.    Defendant will file an Answer to the Complaint or file a motion to dismiss if the Court rules in favor of Coke.

3.  From the date of execution of the STIPULATION to and until the date of the Second Circuit's decision in <u>Coke v. Long Island Care at Home</u>, Docket No. 03-7666, Defendant agrees that the statute of limitations applicable under the FLSA is tolled as to non-exempt employees paid on an hourly basis performing duties as home health aides (regardless of how such position may be referred to or titled).

LOCKS LAW FIRM, PLLC
*Attorneys for Plaintiff*
110 East 55th Street, 12th Floor
New York, New York 10022
(212) 838-3333

By: _____
Fran L. Rudich (FR 7577)
Seth R. Lesser (SL 5560)

Dated: March 10, 2006

PROSKAUER ROSE, LLP.
*Attorneys for Defendant*
1585 Broadway
New York, New York 10036
(212) 969-3000

By: _____
Bettina B. Plevan (BP 7460)
Larry Bliss (LB 6396)

Dated: March 10, 2006

BERGER & GOTTLIEB
*Attorneys for Plaintiff*
150 East 18th Street Suite PHR
New York, New York 10003
(212) 228-9795

By: _____
Jeffrey M. Gottlieb (JG 7905)

Dated: March 10, 2006

SO ORDERED on this _____ day of March, 2006

_____
United States District Judge