PROSKAUER ROSE LLP
Bettina B. Plevan (BP-7460)
Fredric C. Leffler (FL-7998)
1585 Broadway
New York, New York 10036
(212) 969-3000
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CHRISTINE HATCHER, Individually and
on behalf of all other persons similarly situated,

                Plaintiffs,

    -against -

CONCERNED HOME MANAGERS FOR THE
ELDERLY, INC.

                Defendants.
-----------------------------------------------------------------x

Civil Action No.
06 CIV. 705 (LAK)
**(ECF Case)**

**ANSWER**

      Defendant, Concerned Home Managers for the Elderly, Inc. ("Defendant"), by its attorneys Proskauer Rose LLP, hereby answers the Complaint as follows:

      1. Denies the allegations contained in Paragraph "1" of the Complaint, except admits that Christine Hatcher ("Plaintiff") purports to bring this lawsuit as a collective action to remedy alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., and seeks relief pursuant to the statutory provisions cited therein.

      2. Denies the allegations contained in Paragraph "2" of the Complaint, except admits that Plaintiff purports to bring this lawsuit as a class action to remedy alleged violations of the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations, and seeks relief pursuant to the statutory provisions cited therein.

1

3. Denies the allegations contained in Paragraph "3" of the Complaint, except admits that the action purports to invoke the jurisdiction of the Court pursuant to the statutes cited therein.

4. Denies the allegations contained in Paragraph "4" of the Complaint, except admits that Plaintiff purports Venue is appropriate under the statute cited therein.

5. Denies the allegations contained in Paragraph "5" of the Complaint, except admits that Plaintiff seeks the relief set forth in the statutory provisions cited therein and declines to plead further insofar as the allegations contained in Paragraph "5" purport to state legal conclusions to which no responsive pleading is required.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "6" of the Complaint.

7. Denies the allegations contained in Paragraph "7" of the Complaint, except admits that "Defendant Concerned Home Managers for the Elderly, Inc. ("COHME") is a New York, not-for-profit corporation" and further states that COHME's principal place of business is at 11 Broadway, Suite 400, New York, New York, County of New York.

8. Denies the allegations contained in Paragraph "8" of the Complaint, except admits that Plaintiff seeks to bring this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA") and the statutory provision cited therein.

9. Denies the allegations contained in Paragraph "9" of the Complaint, except admits that the number of persons in the purported "collective action class" is unknown.

10. Denies the allegations contained in Paragraph "10" of the Complaint, except admits that Plaintiff Hatcher has retained counsel, and denies knowledge or information

sufficient to form a belief as to the truth of the allegations concerning the experience and competence of said counsel.

11. Denies the allegations contained in Paragraph "11" of the Complaint.

12. Denies the allegations contained in Paragraph "12" of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "13" of the Complaint.

14. Denies the allegations contained in Paragraph "14" of the Complaint, except admits that Plaintiff purports to bring a class action pursuant to Fed. R. Civ. P. 23, and insofar as the allegations in Paragraph "14" of the Complaint purport to state legal conclusions, no responsive pleading is required.

15. Denies the allegations contained in Paragraph "15" of the Complaint, except admits that Plaintiff purports to bring a class action under the New York Labor Law identified therein.

16. Denies the allegations contained in Paragraph "16" of the Complaint, except admits that the number of such persons in the purported class is unknown.

17. Denies the allegations contained in Paragraph "17" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that "individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants."

18. Denies the allegations contained in Paragraph "18" of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "19" of the Complaint.

20. Denies the allegations contained in Paragraph "20" of the Complaint.

21. Denies the allegations contained in Paragraph "21" of the Complaint.

22. Denies the allegations contained in Paragraph "22" of the Complaint, except admits that Dependant provides home healthcare services to the frail and sick elderly in New York City.

23. Admits the allegations contained in Paragraph "23" of the Complaint.

24. Admits the allegations contained in Paragraph "24" of the Complaint.

25. Denies the allegations contained in Paragraph "25" of the Complaint, except admits that Plaintiff Hatcher's duties and responsibilities did not include managerial responsibilities, nor work requiring capital investment, and further avers that insofar as the allegations purport to state legal conclusions, no responsive pleading is required.

26. Denies the allegations contained in Paragraph "26" of the Complaint except admits that Plaintiff Hatcher was employed in or about June 2003 to the present, and insofar as the remaining allegations purport to state claims as to unidentified "other individuals," denies knowledge or information sufficient to form a belief as to the truth of those allegations, except admits that Defendant employs other home healthcare companions.

27. Denies the allegations contained in Paragraph "27" of the Complaint, except admits that the number of purported collective action or purported class members is unknown.

28. Denies the allegations contained in Paragraph "28" of the Complaint.

29. With respect to the allegations contained in Paragraph "29" of the Complaint, Defendant repeats and realleges its responses to Paragraphs 1-28 of the Complaint as if fully set forth herein.

30. With respect to the allegations contained in Paragraph "30" of the Complaint, admits that Defendant may be an employer engaged in interstate commerce pursuant to coverage

requirements set forth in the FLSA but denies that Plaintiffs are employees subject to the statutory provisions cited therein.

31. Denies the allegations contained in Paragraph "31" of the Complaint, except admits that since approximately June 2003, Plaintiff Hatcher has been in its employ, and that Defendant employs other companions, as well.

32. Admits the allegations contained in Paragraph "32" of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "33" of the Complaint, except denies that any purported "written consent" was attached to the Complaint served on Defendant.

34. Denies the allegations contained in Paragraph "34" of the Complaint.

35. Denies the allegations contained in Paragraph "35" of the Complaint, and insofar as the allegations purport to state legal conclusions, no further responsive pleading is required.

36. Denies the allegations contained in Paragraph "36" of the Complaint, and insofar as the allegations purport to state legal conclusions, no further responsive pleading is required.

37. Denies the allegations contained in Paragraph "37" of the Complaint, and insofar as the allegations purport to state legal conclusions, no responsive pleading is required.

38. Denies the allegations contained in Paragraph "38" of the Complaint, and insofar as the allegations purport to state legal conclusions, no further responsive pleading is required.

39. With respect to the allegations contained in Paragraph "39" of the Complaint, Defendant repeats and realleges its responses to Paragraphs 1-28 of the Complaint as if fully set forth herein.

40. Denies the allegations contained in Paragraph "40" of the Complaint, except admits that Plaintiff Hatcher has been in its employ since approximately June 2003 and insofar as the allegations purport to state legal conclusions no responsive pleading is required.

41. Denies the allegations contained in Paragraph "41" of the Complaint, and insofar as the allegations purport to state legal conclusions, no responsive pleading is required.

42. Denies the allegations contained in Paragraph "42" of the Complaint, and insofar as the allegations purport to state a legal conclusion, no responsive pleading is required.

43. Denies the allegations contained in Paragraph "43" of the Complaint, and insofar as the allegations purport to state a legal conclusion, no responsive pleading is required.

44. Denies the allegations contained in the WHEREFORE clause of the Complaint (the so-called Prayer for Relief), including subparts, and further denies that Plaintiff and/or the purported collective action and/or class members are entitled to any of the relief therein demanded, except admit that Plaintiff alone demands a trial by jury.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

45. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

46. Plaintiffs, at all times relevant to this action, were exempt from the minimum wage and maximum hours requirements as companions under 29 U.S.C. § 213(a)(15) of the Fair Labor Standards Act and its regulations.

## THIRD AFFIRMATIVE DEFENSE

47. Defendant did not engage in willful conduct violative of the Fair Labor Standards Act and, at all times relevant to this action, acted in good faith and based upon a reasonable belief that its acts or omissions were not in violation of the Fair Labor Standards Act. Accordingly, under 29 U.S.C. § 255, the statute of limitations applicable to Plaintiffs' claims under the Fair Labor Standards Act is two years.

## FOURTH AFFIRMATIVE DEFENSE

48. Defendant, at all times relevant to this action, acted in good faith and in conformity with applicable laws and regulations. Accordingly, Plaintiffs are not entitled to recover an award for liquidated damages pursuant to 29 U.S.C. § 260.

## FIFTH AFFIRMATIVE DEFENSE

49. Defendant did not engage in willful conduct violative of the New York Labor Law and, at all times relevant to this action, acted in good faith and based upon a reasonable belief that its acts or omissions were not in violation of the New York Labor Law. Accordingly, Plaintiffs are not entitled to recover an award for liquidated damages for willful conduct pursuant to N.Y. Labor Law § 198.

## SIXTH AFFIRMATIVE DEFENSE

50. The certification of a class action under Fed. R. Civ. P. 23 is not the superior method to resolve the instant dispute because of the conflicting nature of the FLSA collective action opt-in procedure and the Rule 23(b)(3) opt-out procedure.

## SEVENTH AFFIRMATIVE DEFENSE

51. Class Certification is not permitted under Section 901(b) of the New York Civil Practice Law and Rules where, as here, Plaintiff seeks liquidated and punitive damages to remedy alleged violations of federal and state wage-hours laws.

## EIGHTH AFFIRMATIVE DEFENSE

52. The claims of the named Plaintiff are not representative of the proposed/putative class. Moreover, the Complaint fails to set forth sufficient facts to demonstrate that Plaintiff Hatcher, who commenced employment in or about June 2003, would be an adequate representative of the interests of the proposed/putative class members.

## NINTH AFFIRMATIVE DEFENSE

53. A class action is not appropriate because individual issues and/or remedies predominate over the asserted claims-wide grievance and/or declaratory or injunctive relief.

WHEREFORE, Defendant demands judgment dismissing the Complaint with prejudice, together with their attorneys' fees and costs and disbursements in this action.

Dated: November 1, 2006
    New York, New York

PROSKAUER ROSE LLP

By: /s/ Fredric C. Leffler
    Bettina B. Plevan (BP-7460)
    Fredric C. Leffler (FL-7998)
    1585 Broadway
    New York, New York 10036
    (212) 969-3000
    Attorneys for Defendant