**LOCKS LAW FIRM**

**MEMO ENDORSED**

110 East 55th Street
New York, New York 10022
T 212.838.3333
T 866.LOCKSLAW
F 212.838.3735
lockslaw.com

December 18, 2006

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/20/06
```

**VIA FEDERAL EXPRESS**

Honorable Lewis Kaplan
United States District Court
Southern District of New York
500 Pearl Street – Room 1310
New York, New York 10007

    Re:   *Christine Hatcher v. Concerned Home Managers for the Elderly, Inc.*
            Docket No.: 06CV705

Dear Judge Kaplan:

     As counsel for Plaintiff, Christine Hatcher, we are submitting the parties' joint request that the Court further stay this action pending a decision from the United States Supreme Court in the case Coke v. Long Island Care at Home, Docket No. 03-7666. The Court previously stayed this action pending the Second Circuit's decision on remand from the Supreme Court.

     After years of reliance on a department of Labor regulation, on July 22, 2004, the United States Court of Appeals for the Second Circuit held that 29 C.F.R. §552.109(a) is enforceable in a decision entitled *Coke v. Long Island Care at Home*, 376 F.3d 118 (2d Cir. 2004). The United States Supreme Court subsequently vacated and remanded the judgment on January 23, 2006 for further consideration in light of a Department of Labor Memorandum. See *Coke v. Long Island Care at Home*, 126 S. Ct. 1189 (2006).

     The Court granted the parties' request to stay this action pending the Second Circuit's decision. On August 31, 2006, the Second Circuit declined to follow the DOL Memorandum and reaffirmed its prior holding. See *Coke v. Long Island Care at Home*, 2006 U.S. App. LEXIS 22438 (August 31, 2006). On October 10, 2006, the Second Circuit stayed its mandate for ninety days pending submission of a petition of certiorari to the United States Supreme Court. A petition for certiorari was filed on October 26, 2006.

     Should the Supreme Court overrule the Second Circuit and find the regulation at issue is enforceable, Plaintiff will be exempt from the overtime requirements of the FLSA and New York Law and therefore would not be entitled to overtime compensation under

Honorable Lewis Kaplan
Page 2
December 18, 2006

the FLSA. Since the *Coke* decision is likely to control the outcome of this case, the parties jointly request that the Court stay this action pending the Supreme Court's decision. A proposed Stipulation and Order is enclosed for your review.

    Thank you for your attention to this matter.

                            Respectfully submitted,

                            Fran L. Rudich

Enclosure

cc:    Frederic C. Leffler, Esq. (Via Facsimile and First-Class Mail)

**MEMO ENDORSED**

Denied without prejudice to renewal if the Supreme Court grants certiorari.

SO ORDERED
LEWIS A. KAPLAN, USDJ
12/20/06