UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

CHRISTINE HATCHER, Individually and on Behalf of
All Other Persons Similarly Situated,

                Plaintiffs,

- against -

CONCERNED HOME MANAGERS FOR THE
ELDERLY, INC.,

                Defendants.

------------------------------------- x

06 CIV. 705 (LAK)

**STIPULATION OF STAY**

    WHEREAS, a final decision in the case captioned *Coke v. Long Island Care at Home* ("*Coke*"), 376 F.3d 118 (2d Cir. 2004), *cert. granted, vacated by*, 545 U.S. 1103, *aff'd in part, vacated in part, remanded*, 462 F.3d 48 (2d Cir.), *cert. granted*, No. 06-593 (U.S. Jan. 5, 2007), is likely to affect the outcome of this action; and

    WHEREAS, this Court denied the above-captioned parties' joint request for a stay of the current proceedings on December 20, 2006 without prejudice to renewal if the Supreme Court of the United States granted the *Coke* Defendants' Petition for Certiorari; and

    WHEREAS, the Supreme Court of the United States granted the *Coke* Defendants' Petition for Certiorari on January 5, 2007; and

    WHEREAS, the parties in this case have agreed to defer further litigation in this case pending the Supreme Court's decision in *Coke*, and therefore renew their Stipulation of Stay;

    IT IS HEREBY stipulated by and between counsel for the parties that:

    1.    All further proceedings in this case shall be stayed until further order of this court.



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/9/07

2. Not later than thirty (30) days after the United States Supreme Court renders a decision disposing of the *Coke* case, counsel shall communicate with this Court regarding the need for further proceedings in the instant action.

3. Defendant hereby acknowledges sufficiency of service and will not seek dismissal of the Complaint on that ground.

4. *To whatever extent the parties may so agree and the Court approves such agreement,* Any statute of limitations applicable to participation by individuals identified in the Complaint as "Collective Action Members" shall be tolled until this Court issues an order either dismissing this case or allowing this case to proceed, whichever occurs first.

5. Neither plaintiff nor her counsel, either directly or indirectly or through any person acting on behalf of either of them, shall (a) solicit any current or former employee of defendant to join this action or to file or join in any other action against defendant alleging claims for unpaid overtime or minimum wages; or (b) publicize, in any manner, the existence, nature or content of this action.

6. *The case is transferred to the suspense docket pending further order.*

Dated: New York, New York
January 30, 2007

LOCKS LAW FIRM PLLC
Attorneys for Plaintiff
110 East 55th Street, 12
New York, New York 10022
(212) 838-3333

By: _____
Fran L. Rudich (FR-7577)

PROSKAUER ROSE LLP
Attorneys for Defendant
1585 Broadway
New York, New York 10036
(212) 969-3000

By: _____
Fredric C. Leffler (FL-7998)

*[Signature]*
2/6/07